United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUCY YE, et al.,
Plaintiffs,
v.
UBER TECHNOLOGIES, INC.,
Defendant.

Case No. 26-cv-01744-KAW

**ORDER RE 6/8/2026 DISCOVERY LETTERS**

Re: Dkt. Nos. 33, 34

[Discovery Letter Nos. 1, 2]

Plaintiffs Lucy Ye, Julia Fleming, and Jacqueline Clay filed the instant case against Defendant Uber Technologies, Inc., asserting that Defendant falsely advertises arrival times and charges a price premium for "faster" pickup times. (First Amend. Compl. ("FAC") ¶¶ 23-24, 29.) Plaintiffs also seek declaratory relief that Defendant's arbitration clause is unconscionable. (FAC ¶ 6.) On April 24, 2026, Defendant filed a motion to compel arbitration. (Dkt. No. 22.) On June 8, 2026, the parties filed discovery letters concerning Plaintiffs' discovery requests related to the alleged unconscionability of the arbitration clause.[1] (Discovery Letter No. 1, Dkt. No. 33; Discovery Letter No. 2, Dkt. No. 34.) On June 12, 2026, Defendant filed a renewed motion to compel arbitration. (Dkt. No. 35.)

The Federal Arbitration Act ("FAA") "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). To this end, the "FAA provides for discovery . . . in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175

[1] The footnotes in the discovery letters fail to comply with Civil Local Rule 3-4(c)(2), which requires that footnotes be in 12 point type or larger.

F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4.) Following *Simula*, however, both "[d]istrict courts in the Ninth Circuit and the Ninth Circuit itself have allowed a party opposing a motion to compel arbitration to conduct discovery relevant to the issue of unconscionability." *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011); *see Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding case to district court to expand the record on procedural unconscionability); *Gilbert v. Bank of Am.*, No. C 13-01171 JSW (LB), 2014 U.S. Dist. LEXIS 165690, at *4 (N.D. Cal. Nov. 26, 2014) (permitting discovery as to procedural unconscionability); *McArdle v. AT&T Mobility LLC*, No. C 09-1117 CW (MEJ), 2013 U.S. Dist. LEXIS 40002, at *4-5 (N.D. Cal. Mar. 21, 2013) (acknowledging that discovery as to unconscionability is permissible).

Defendant argues that discovery as to unconscionability is never permissible, but Defendant's cited cases do not support this proposition. (Discovery Letter No. at 4-5.) For example, *Driskill v. Experian Info. Solutions, Inc.* does not address the issue of discovery as to unconscionability at all. *See* 753 F. Supp. 3d 839, 848-49 (N.D. Cal. 2024) (denying request for discovery related to the plaintiff's assent to arbitration, including seeking experts regarding the likelihood of consumer confusion and a consumer study of what consumers understood). Other cases acknowledge that courts have permitted discovery as to unconscionability, but that the discovery requested by the plaintiff did not actually provide information necessary to the court's determination of unconscionability. *E.g.*, *Loewen v. Lyft, Inc.*, No. 15-cv-01159-EDL, 2015 U.S. Dist. LEXIS 191445, at *9, 15 (N.D. Cal. June 12, 2015) (finding that courts have permitted discovery as to unconscionability but that the plaintiffs failed to explain why the requested discovery would support an unconscionability argument); *Hodsdon v. DirecTV, LLC*, No. C 12-02827 JSW, 2012 U.S. Dist. LEXIS 160638, at *21 (N.D. Cal. Nov. 7, 2012) (same); *Lag Shot LLC v. Facebook, Inc.*, 545 F. Supp. 3d 770, 781 (N.D. Cal. 2021) (denying discovery regarding other advertisers' attempts to opt out because "whether other users made successful attempts to opt out of the arbitration agreement has no bearing on their own failure to do so").

In short, courts have permitted discovery as to unconscionability. The next issue, however, is whether Plaintiffs' requested discovery falls within the scope of permissible discovery. A

review of the case law demonstrates that while discovery as to unconscionability is permissible, the scope of that discovery is very limited. For instance, multiple courts have limited discovery to whether the plaintiff's specific agreement was unconscionable, finding that discovery as to agreements, disputes, arbitrations, and lawsuits related to other customers were improper. *See McArdle*, 2013 U.S. Dist. LEXIS 40002, at *5-6; *Lag Shot LLC*, 545 F. Supp. 3d at 781.]; *Hodsdon*, 2012 U.S. Dist. LEXIS 160638, at *22 (denying discovery where the plaintiffs focused on defendant's "customers in general, rather than on the only relevant customers, which are Plaintiffs themselves").

Here, the vast majority of Plaintiffs' proposed discovery is overbroad. For example, Plaintiffs seek the number of instances, broken out by year and applicable Terms of Service, in which Defendant's customers or drivers sent a written notice of dispute to Defendant. (Discovery Letter No. 1, Exh. A ("Discovery Requests") at 2-3.) It is unclear why every Terms of Service would be relevant to the issue of whether the arbitration agreement applicable to *Plaintiffs* is unconscionable. Likewise, Plaintiffs seek discovery regarding drivers, while at the same time arguing that drivers are subject to a different set of arbitration terms. (*See* Discovery Letter No. 2 at 3.) Plaintiffs also seek information about whether customers or drivers initiated arbitration or non-arbitration legal proceedings and the outcome of the proceedings, but it is not apparent why this would resolve any unconscionability issue. (*See* Discovery Requests at 3; *Meyer*, 836 F. Supp. 2d at 1007 ("Most of Plaintiff's discovery requests do not relate to the validity of <u>Plaintiff's</u> arbitration agreement with T-Mobile. Instead, they concern all agreements, disputes, arbitrations, and lawsuits relating to T-Mobile customers in California <u>other than Plaintiff</u> for the entire seven-year 'relevant time period.'").) Plaintiffs further seek information about the timeliness of an arbitration, but fail to explain why this relates to unconscionability, as opposed to Defendant's general assertion that arbitration is faster -- it is unclear how speed relates to unconscionability. (*See* Discovery Requests at 4.) Plaintiffs likewise fail to explain why the rates paid by Defendant have any relevance to unconscionability. (*See* Discovery Requests at 5.) Finally, Plaintiffs seek all documents concerning Plaintiff Ye such as location data, but this request concerns the merits of the case and clearly falls well beyond the scope of unconscionability. *See Coneff v. AT&T*, No.

C06-0944RSM, 2007 U.S. Dist. LEXIS 20502, at *8 (W.D. Wash. Mar. 9, 2007) (denying discovery that "relate[s] only to the merits of the dispute").

To be clear, this is not an exhaustive review of the overbreadth of Plaintiffs' proposed discovery. Indeed, based on a brief review of the operative complaint and the discovery requests, the only discovery requests that at least seem connected (if still overbroad) to Plaintiffs' unconscionability arguments are Interrogatory Nos. 2 and 6 and Requests for Production 1 and 2. Ultimately, however, Plaintiffs have the burden of making a *specific* showing for how each discovery request is related to the unconscionability issue. Plaintiffs' generic justifications do not meet that burden. *See Coneff*, 2007 U.S. Dist. LEXIS 20502, at *10 ("Plaintiffs' conclusory arguments that all of their discovery requests relate to unconscionability does not defeat defendants' valid objection to broad discovery at this time."). Accordingly, the Court finds that no discovery is required at this time.

The Court ORDERS the parties to meet and confer. The parties should discuss whether Plaintiffs still intend to seek discovery (and if so, whether Defendant agrees to produce such discovery), or if the parties should proceed with briefing the pending motion to compel arbitration. To the extent Plaintiffs have any discovery disputes, the parties shall file a joint discovery letter (or letters) which fully complies with the Court's Civil Standing Order ¶ 14, including the required format. Plaintiffs will have the burden of explaining how each specific discovery request is related to the issue of unconscionability, specifically that of the delegation clause.

IT IS SO ORDERED.

Dated: July 28, 2026

KANDIS A. WESTMORE
United States Magistrate Judge