JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LUCY YE, JULIA FLEMING, and JACQUELINE CLAY, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

Case No. 4:26-cv-1744-KAW

**DISCOVERY DISPUTE LETTER RE: INTERROGATORIES**

The parties submit this joint discovery dispute letter as per the Court's Individual Rules.

Before submitting this letter, the parties met and conferred over videoconference because an in-person meeting was not practical given counsels' locations in different parts of the country.

The parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories concur in the filing of this joint discovery dispute letter

Respectfully submitted,

*/s/ Liana Roza Vitale*

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Fl.
New York, NY 10006
Telephone: (646) 347-3940

**JANOVE PLLC**
Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

***Attorneys for Plaintiffs and the Proposed Classes***

*/s/ Sati Harutyunyan*

**JENNER & BLOCK LLP**
Sati Harutyunyan (SBN CA 313138)
SHarutyunyan@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100

**JENNER & BLOCK LLP**
Adam G. Unikowsky (pro hac vice)
AUnikowsky@jenner.com
1099 New York Ave NW
Washington, D.C. 20001
Telephone: (202) 639-6000

***Attorneys for Defendant***

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

Dear Judge Westmore:

On June 12, 2026, Uber moved to compel arbitration and stay this action ("MTCA") in response to Plaintiffs' first amended complaint.[1] Uber's Terms of Use that are the subject of the MTCA are at Dkt. 22-1 at 101.[2] The Parties dispute whether pre-arbitration discovery is appropriate. Specifically, Plaintiffs wish to continue pursuing Interrogatories 2, 3, and 6, and Uber objects, as set out below.

**Plaintiffs' Summary of Factual Background Related to Unconscionability Discovery.**

Plaintiffs seek discovery concerning the unconscionability of Uber's Terms, which contain conflicting "delegation" provisions that do not clearly and unmistakably delegate to an arbitrator any of the unconscionability determinations that Plaintiffs will ask this Court to resolve. *See* Dkt. No. 32 ¶¶ 129–136 (quoting conflicting contractual provisions). Further, Uber concedes that the Terms provide that "the court will adjudicate challenges to the Class Action Waiver and the Mass Action Waiver." Dkt. 35 (MTC) at 3:26–27. So, at most, the issues are partially delegated.[3]

The delegation clause is also unconscionable, and the discovery requested is relevant to Uber's arguments to the contrary. "In evaluating an unconscionability challenge to a delegation provision … , a court must be able to interpret the provision in the context of the agreement as a whole, which may require examining the underlying arbitration agreement as well." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1012 (9th Cir. 2023). Here, the delegation clause requires consumers to navigate an onerous and one-sided "pre-dispute" process before consumers can even raise unconscionability arguments to any arbitrator, Dkt. No. 32 ¶¶ 75–89, and then renders the entire exercise pointless by granting Uber the right to derail those proceedings and seek to opt-out of arbitration entirely if other claimants also challenge Uber's delegation clause or raise similar claims. *Id.* ¶¶ 94–118. In the meantime, statutes of limitations continue to run while Uber imposes these arduous and time-wasting measures on consumers. *Id.* ¶¶ 90–93, 110, 116–118. As a result, if and when Uber decides it prefers not to arbitrate after all, the claimants may find their claims time barred.

That process disadvantages claimants and deters claims, contrary to what Uber argues. *See Pandolfi v. Aviagames, Inc.*, 2025 WL 2463742, at *1 (9th Cir. Aug. 27, 2025) ("Further, the delegation clause, read together with the batching provision, is substantively unconscionable because it could create lengthy delays to resolve a gateway issue; those delays could have a chilling effect on players bringing claims to begin with…."); *see also Rios v. HRB Digital LLC*, 807 F. Supp. 3d 975, 990 (N.D. Cal. 2025) ('[T]he mass arbitration provision itself creates the risk of de facto waiver of valid claims, weighing heavily in favor of finding substantive unconscionability."). Further, as with the terms the Ninth Circuit held unenforceable in *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670 (9th

---

[1] Uber also moved to compel arbitration in response to Plaintiff Ye's original complaint. Dkt. 22. Plaintiff Ye sought the discovery at issue in this letter after filing the original complaint and the Parties previously submitted two joint discovery letters for the Court's decision. Dkts. 33, 34.

[2] This citation is to the declaration in support of Uber's initial MTCA. The declaration in support of Uber's second MTCA (Dkt. 35) does not attach these Terms. Uber will resubmit these Terms in a supplemental declaration in support of its reply when briefing on Uber's MTCA resumes.

[3] This inefficient attempt to split the unconscionability analysis between multiple decisionmakers and make it difficult for any one of them to evaluate the provisions together and in context is yet another way in which Uber's terms are unconscionable. In addition, it is unconscionable for Uber's delegation provisions to reserve for immediate judicial review matters that are important to Uber, but to force claimants to have their issues decided in arbitration—and only after navigating the unconscionable procedural hurdles discussed below.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Cir. 2024), Uber's Terms impose an idiosyncratic protocol combining several features that systematically tilt against the claimant, and have nothing in common with the arbitration processes contemplated by the FAA. *Id*. at 690.

For example, to have an arbitrator decide the threshold issue of unconscionability (which Uber claims is partially, but not entirely, delegated to the arbitrator) would require the following steps: (1) send a detailed notice of claim in hard copy; (2) individually and "personally" join a meeting with Uber representatives and "fully participate in the conference," even if represented by counsel; (3) commence arbitration with specific hard copy and signature requirements; (4) have the claim potentially kicked out and start over if any of the above requirements are not met; (5) have the claim derailed into a separate "mass action" process if Uber asserts that other claimants filed similar claims; (6) have the claim kicked out of arbitration if that process results in a decision in Uber's favor; and (7) find that statutes of limitations were not tolled while Uber disputed compliance with its pre-dispute requirements or the existence of a "mass action." Notably, all of this occurs ***before*** the claimant can even raise the issue of whether any partial delegation clause is unconscionable.

The requested discovery seeks evidence about how these unconscionable provisions function, and how the delegation clause unconscionably forces claimants to jump through these hoops before they can even obtain a ruling from an arbitrator about whether these processes are unconscionable. In its July 28 Order, the Court authorized Plaintiffs "to explain how each specific discovery request is related to the issue of unconscionability, specifically that of the delegation clause.[4] Plaintiffs have carefully considered the Court's guidance and seek unconscionability discovery only as to a small subset of their original requests, and focused primarily on the issues the Court already concluded "seem connected" to Plaintiffs' unconscionability arguments, summarized above. Dkt. 40 at 4:5–6. Plaintiffs' specific showing of relevance for each of these requests is set out below.

**<u>Defendant's Response to Plaintiffs' Legal Argument Above</u>**.[5]

The Court should reject Plaintiffs' second attempt to obtain the *same* discovery this Court already determined is not appropriate. On July 28, 2026, the Court issued an Order finding "that no discovery is required at this time" and that "Plaintiffs will have the burden of explaining how each specific discovery request is related to the issue of unconscionability, specifically that of the delegation clause." Dkt. 40 at 4. The Court further explained that Plaintiffs must "mak[e] a *specific* showing for how each discovery request is related to the unconscionability issue." *Id.* Plaintiffs fail to meet that burden. Even worse, Plaintiffs flout the Court's clear order that their "generic justifications do not meet that burden." *Id*. Indeed, in a profoundly ineffective use of the Court's and the Parties' resources, Plaintiffs have repackaged their generic arguments that the Arbitration Agreement as a whole—and not the Delegation Agreement in specific—is unconscionable. The Court has already found those arguments insufficient, and Plaintiffs' persistence on re-briefing these

[4] Given this instruction, Plaintiffs believe that a summary of the unconscionable terms at issue here, with a particular focus on the unconscionability of the purported delegation clause, is the "pertinent factual background" that will assist the Court in evaluating Plaintiffs' discovery requests. Other than the factual background section, Uber agreed that every section of this letter complied with Your Honor's requirements. It was Uber's decision to combine related requests (an approach Plaintiffs agree makes sense here and initially proposed; Uber demanded revisions, then changed its mind).

[5] Uber notes that this letter does not fully conform to the Court's requirements and that Plaintiffs' "factual background" is in fact a summary of their mistaken legal arguments. *See also* Dkt. 40 at 4. Uber has raised the non-compliance to Plaintiffs.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

points has significantly delayed the resolution of Uber's MTCA.

A challenge to a delegation clause must "impugn the validity of the delegation clause[] specifically" and cannot be "a challenge to the enforceability of the arbitration provisions as a whole." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1033 (9th Cir. 2022). Even if the Court's review is not limited to the text of the Delegation Agreement, Plaintiffs must show that "*the delegation of arbitrability to the arbitrator* would be unconscionable." *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1003 (9th Cir. 2023). Ignoring this clear rule, Plaintiffs focus their arguments on aspects of the Arbitration Agreement *other than* the delegation of arbitrability. At no point do they offer any persuasive reason why they cannot, as three individual claimants, present their arguments about arbitrability before an arbitrator in accordance with reasonable procedures that they agreed to. Their interrogatories are premised on attacks against the pre-arbitration dispute resolution requirements, the Mass Action procedures, and the allegedly non-mutual aspects of the Terms. Indeed, none of the proposed interrogatories so much as mentions "delegation," let alone purports to show why it would be unconscionable for the parties to agree that an arbitrator, rather than a court, will decide threshold arbitrability issues, subject to the two carve-outs (challenges to the Class Action Waiver and the Mass Action Waiver). Plaintiffs' requests amount to little more than an unnecessary fishing expedition that the Court rejected and that Plaintiffs themselves cannot anchor to delegation.

Plaintiffs' arguments are also incorrect, for reasons Uber has addressed in full in its MTCA (Dkt. 35).[6] To briefly recap: abundant caselaw establishes that a delegation agreement satisfies the clear-and-unmistakable standard even where it reserves specified issues for the court, and courts—including two California courts addressing Uber's Delegation Agreement containing the same Class Action Waiver and Mass Action Waiver carve-outs—have rejected unconscionability challenges to it. Dkt. 35 at 17–20. Plaintiffs cannot offer any response to this decisive weight of authority against them. Instead, Plaintiffs make a throwaway argument that the Delegation Agreement's carve-outs are inefficient and reserve for the Court only the matters Uber deems important. This argument falls far short of establishing unconscionability—and Plaintiffs tellingly cite *no* authority for their baseless assertion. *See OTO, L.L.C. v. Kho*, 447 P.3d 680, 690 (Cal. 2019) ("The burden of proving unconscionability rests on the party asserting it.").

As for other aspects of the Arbitration Agreement (which are, again, beyond the realm of discovery requests the Court permitted Plaintiffs to revisit): the pre-arbitration conference requirement applies equally to both parties and is "reasonable and laudable," *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1014 (9th Cir. 2023), and counsel's attendance vitiates any Rule 4.2 concerns, Dkt. 35 at 28–30; the parties' mutual right to opt out of arbitration in the event of a Mass Action does not nullify the Arbitration Agreement, Dkt. 35 at 20–21; and, contrary to Plaintiffs' incorrect insinuation, Uber's Terms toll the statute of limitations for the duration of the pre-dispute process, Dkt. 35 at 28; Terms § 2(d). Plaintiffs' invocation of *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 690 (9th Cir. 2024), is inapposite: *Heckman* involved an idiosyncratic combination of unconscionable features that are wholly absent in Uber's Arbitration Agreement. Dkt. 35 at 14–16. Each of these points is evident from the face of the Terms without discovery.

*Pandolfi* and *Rios*, on which Plaintiffs rely, in fact show why Uber's Delegation Agreement is not unconscionable, and why discovery is not needed to reach that conclusion. In *Pandolfi*, where the record reflected that a different law firm represented "more than 4,100 individuals" with the same

---

[6] Plaintiffs use this letter to advance (incorrect) legal arguments in opposition to Uber's MTCA, further highlighting that discovery is unnecessary to resolve Uber's MTCA.

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

claim as the plaintiffs', the district court held the delegation agreement unconscionable because the arbitration agreement's bellwether protocol, which "allow[ed] for arbitration of only twenty cases at a time" with one arbitrator per case, would likely cause delay. *Pandolfi v. AviaGames, Inc.*, 2024 WL 4051754, at *3, *6 (N.D. Cal. Sept. 4, 2024), *aff'd*, 2025 WL 2463742 (9th Cir. Aug. 27, 2025). The arbitration agreement there also shortened claimants' statutory limitations periods to one year. *Id.* at *11. Uber's Terms bear none of these characteristics. Claims are batched in groups of 100 that may proceed *concurrently*, Terms § 2(a)(3)(c)(ii); those batches have no bellwether effect, *id.* § 2(g); and the limitations period is tolled, not shortened, during the pre-dispute process, *id.* § 2(d).

*Rios* is farther afield still: the agreement there "d[id] *not* include a delegation provision assigning questions of arbitrability to the arbitrator." *Rios v. HRB Digital LLC*, 807 F. Supp. 3d 975, 982 (N.D. Cal. 2025). And the mass arbitration protocol there stopped claimants from filing "until prior tranches have been completed," creating a potential "13-year timeline to resolve" 2,000 Notices. *Id.* at 990–91. Uber's Terms bar no claimant from filing and impose no sequential tranches.

Finally, as Uber addresses below, even if any interrogatory were directed at the Delegation Agreement, Uber's burden would be disproportionate to any (if extant at all) relevance.

**Interrogatory 2:** State the number of instances, broken out by year and applicable Terms of Service, in which Uber asserted that a written notice of dispute did not comply with the requirements described in any applicable Terms of Service, including the Terms' "Pre-Arbitration Dispute Resolution" process.

**Interrogatory 6:** State the number of instances, broken out by year and applicable Terms of Service, in which Uber asserted that an arbitration could not proceed because of non-compliance with any the requirements described in any applicable Terms of Service, including the Terms' provisions on "Mass Actions," "Pre-Arbitration Dispute Resolution," "Initiating Arbitration" and "Preventing Conflicts of Interest."

**<u>Plaintiffs' Position</u>**: Responsive information is relevant to the operation of Uber's unconscionable pre-dispute processes, which the Terms impose before claimants can pursue any delegated issues with an arbitrator, as described above. The Court already recognized that these requests seem connected to Plaintiffs' unconscionability arguments. Dkt. 40 at 4:5–6. In particular, the information requested will show how often Uber deploys the exact unconscionable provisions at issue in this case—and which it contends Plaintiffs must navigate before they can have their unconscionability arguments resolved by an arbitrator—to derail and delay resolution of claims. In line with the Court's ruling and as a final compromise, Plaintiffs now seek only information responsive to this request with respect to the operative 2026 Terms. Disclosing a number will not implicate any privacy concerns or privilege issues, nor should the counting required impose a substantial burden.

**<u>Defendant's Position</u>**. An aggregate accounting of instances in which Uber took issue with *other claimants'* notices of dispute or arbitration demands says nothing about whether the delegation of arbitrability in *Plaintiffs'* agreements is unconscionable. The Court's Order recognized as much. *See* Dkt. 40 at 3 (noting multiple courts' "finding that discovery as to agreements, disputes, arbitrations, and lawsuits related to other customers were improper"). The bare fact that non-parties sometimes may have failed to comply with a contractual provision does not render that provision—and certainly not the Delegation Agreement—unconscionable. Plaintiffs invoke the Court's observation that these requests "seem connected" to their unconscionability arguments, but omit the Court's comment that they are "still overbroad." Dkt. 40 at 4. Plaintiffs' proposed narrowing to the operative 2026 Terms does not cure the defect; the information sought concerns non-parties and is

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

untethered to the Delegation Agreement. Uber's burden would be disproportionately substantial, given the volume of notices of dispute and arbitration demands Uber receives and the case-by-case review each would require.

**Interrogatory 3:** For each instance identified in response to Interrogatory 2 above, state whether a corrected notice of dispute was submitted, and if so, how much time elapsed between the initial and corrected notice of dispute.

**Plaintiffs' Position**: Responsive information is relevant because Uber's pre-dispute requirements operate together to deter and delay claims, and without tolling statutes of limitations, including resolution of any unconscionability arguments purportedly delegated to an arbitrator, as explained above. The resulting delay compounds their unconscionability, and information concerning these delays is therefore relevant. *Pandolfi*, 2025 WL 2463742, at *1 (affirming finding that delegation clause was unconscionable because it "could create lengthy delays to resolve a gateway issue; those delays could have a chilling effect on players bringing claims to begin with…."). Plaintiffs offer that their final compromise offer on Interrogatory 2 will correspondingly narrow this request, including narrowing its temporal scope to the period since the 2026 Terms came into effect.

**Defendant's Position**. The Court did not identify this request as even "seem[ing] connected" to Plaintiffs' unconscionability arguments. Dkt. 40 at 4. Whether non-parties eventually complied with the Arbitration Agreement and how long they took to do so are irrelevant to unconscionability. Delay caused by a party's own failure to comply with a reasonable provision (and that party's subsequent correction of the non-compliance) is not the kind of unconscionable delay implicated in *Pandolfi*'s extreme batching protocol. This request would require Uber to match each initial notice of dispute to any corrected notice and compute the elapsed interval, file by file.

*   *   *

Plaintiffs also request permission to file a separate joint discovery letter concerning Interrogatories 12–14. These requests seek information about the functional asymmetry of Uber's dispute resolution provisions.[7] However, it would take at least a page of this letter to reproduce them and debate their relevance, making it difficult for Plaintiffs to provide specific details concerning the unconscionability of the delegation clause and how it relates to the other discovery requests at issue.

Defendant's position is that the Court should deny Plaintiffs' request to file a *fifth* discovery letter concerning Interrogatories 12–14. The Court has correctly determined that those Interrogatories are outside the scope of requests that are seemingly connected to Plaintiffs' unconscionability arguments and bear no connection to the Delegation Agreement. Dkt. 40 at 3–4 (explaining why "the vast majority of Plaintiffs' proposed discovery is overbroad" and giving examples).

---

[7] "When evaluating substantive unconscionability, California courts consider 'mutuality'…" *Heckman*, 120 F.4th at 686; *Pandolfi*, 2025 WL 2463742, at *1 (finding substantive unconscionability where "*the delays and chilling effects would likely only apply to claims brought by players, not Avia*.") (emphasis added); *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1014-15 (9th Cir. 2023) ("[a] lack of mutuality and the presence of user-only pre-arbitration dispute resolution processes can both weigh toward finding a provision substantively unconscionable") Uber's motion to compel arbitration argues that its unconscionable dispute resolution provisions apply equally to both parties. *See, e.g.* Dkt. 35 at 23:12–13 (arguing that "Plaintiff's characterization [of arbitration carve-out provisions for intellectual property claims as asymmetrical] is far from certain: Uber has been sued for patent infringement on numerous occasions").