United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY YE, et al.,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC.,<br>Defendant. | Case No. 26-cv-01744-KAW<br>**ORDER REGARDING 8/12/2026 DISCOVERY LETTERS**<br>Re: Dkt. Nos. 42, 43 |

Plaintiffs filed this case against Defendant Uber Technologies, Inc., asserting that Defendant falsely advertises arrival times and charges a price premium for "faster" pickup times. (First Amend. Compl. ("FAC" ¶¶ 23-24, 29.) Plaintiffs also seek declaratory relief that Defendant's arbitration clause is unconscionable. (FAC ¶ 6.)

On April 24, 2026, Defendant filed a motion to compel arbitration. (Dkt. No. 22.) On June 8, 2026, the parties filed discovery letters concerning Plaintiffs' discovery requests related to the alleged unconscionability of the arbitration clause. (Dkt. Nos. 33, 34.) On June 12, 2026, Defendant filed a renewed motion to compel arbitration. (Dkt. No. 35.) On July 28, 2026, the Court issued an order on the discovery letters. (Discovery Order, Dkt. No. 40.) The Court found that while discovery was permitted, "the vast majority of Plaintiffs' proposed discovery is overbroad." (*Id.* at 3.) The Court further found that based on a brief review of the operative complaint and the discovery requests, "the only discovery requests that at least seem connected (if still overbroad) to Plaintiffs' unconscionability arguments are Interrogatory Nos. 2 and 6 and Requests for Production 1 and 2." (*Id.* at 4.)

On August 12, 2026, the parties filed the instant discovery letters regarding Plaintiffs' interrogatories and requests for production ("RFPs"). (Discovery Letter re Interrogatories, Dkt.

No. 42; Discovery Letter re RFPs, Dkt. No. 43.)

**A. Interrogatory Nos. 2 and 6**

Interrogatory No. 2 seeks the number of instances that Defendant asserted that a written notice of dispute did not comply with the requirements of the Terms of Service, including the Pre-Arbitration Dispute Resolution process. (Discovery Letter re Interrogatories at 4.) Discovery Letter No. 6 seeks the number of instances that Defendant asserted that an arbitration could not proceed because of non-compliance with the requirements of the Terms of Service, including the Pre-Arbitration Dispute Resolution and Initiating Arbitration provisions. (*Id.*) Plaintiffs have limited these discovery requests to the operative 2026 Terms of Service. (*Id.*)

The Court orders Defendant to respond to these interrogatories, as limited by Plaintiffs. Plaintiffs have explained that this discovery goes to the issue of whether Defendant's Terms of Service, including a pre-dispute process, are onerous to the point that it creates an issue of unconscionability. (Discovery Letter re Interrogatories at 1.) Indeed, the Ninth Circuit has found that an arbitration clause's delegation clause could be found substantively unconscionable where the delegation clause, when combined with other clauses, "could create lengthy delays to resolve a gateway issue; those delays could have a chilling effect on players bringing claims to begin with; and the delays and chilling effects would likely only apply to claims brought by players[.]" *Pandolfi v. Aviagames, Inc.*, No. 24-5817, 2025 U.S. App. LEXIS 22065, at *3-4 (9th Cir. Aug. 27, 2025). Here, Interrogatory Nos. 2 and 6 likewise go to the issue of whether the pre-dispute process, for example, is so arduous or time-consuming that it prevents consumers from raising an unconscionability argument to an arbitrator. (Discovery Letter re Interrtogatories at 1.) Further, Plaintiffs' limitation of these discovery requests to the operative 2026 Terms of Service addresses the Court's concern regarding whether these requests are overbroad, as Plaintiffs no longer seek discovery of Terms of Service that do not apply to their individual case.

In so finding, the Court acknowledges that multiple courts have limited discovery to whether the plaintiff's specific agreement was unconscionable, such that discovery as to other agreements, disputes, and lawsuits related to other customers was improper. (Discovery Order at 3.) Here, however, the Court finds that Plaintiffs have adequately explained why discovery as to

United States District Court
Northern District of California

how the pre-dispute process has actually played out goes directly to the unconscionability analysis in this specific case.

**B. Interrogatory No. 3**

Interrogatory No. 3 seeks information on whether a corrected notice of dispute was submitted in each instance identified in Interrogatory No. 2, and how long it took between the initial and corrected notice of dispute. (Discovery Letter re Interrogatories at 5.) Plaintiffs have again limited this discovery request to the operative 2026 Terms of Service. (*Id.*)

The Court orders Defendant to respond to this interrogatory, as limited by Plaintiffs. Again, this is directly connected to Plaintiffs' argument that the pre-dispute process is so time-consuming that it can deter and delay claims, all while the statute of limitations continues to run. (Discovery Letter re Interrogatories at 1, 5.)

**C. Interrogatory Nos. 12-14**

Plaintiffs ask that they be permitted to file a separate joint discovery letter concerning Interrogatory Nos. 12-14. (Discovery Letter re Interrogatories at 5.) These interrogatories concern the number of times that Defendant initiated arbitration or a lawsuit. (*See* Dkt. No. 33-1 at 4.) The Court finds that these discovery requests are not proportionate to the needs of this case. The number of times Defendant was actually able to take advantage of any alleged lack of mutuality in the Terms of Service is not necessary to determine whether the provision lacks mutuality to begin with.

**D. Request for Production Nos. 1 and 2**

RFP No. 1 seeks documents sufficient to show why Defendant asserted a notice of dispute was non-compliant in any instance identified by Interrogatory No. 2. (Discovery Letter re RFPs at 3.) Likewise, RFP No. 2 seeks documents sufficient to show why Defendant asserted non-compliance in any instance identified by Interrogatory No. 6. For the reasons discussed as to Interrogatory Nos. 2 and 6, the Court orders Defendant to produce responsive documents.

**E. Request for Production No. 3**

RFP No. 3 seeks any written processes, scripts, or template questions used by Defendant's representatives in connection with the Pre-Arbitration Dispute Resolution process. (Discovery

United States District Court
Northern District of California

Letter re RFPs at 5.)

Plaintiffs argue that this goes to whether the pre-arbitration conferences are actually designed to achieve informal resolution. (Discovery Letter re RFPs at 5.) The Court is not convinced this is relevant to the unconscionability issue. Again, Plaintiffs primarily argue that the arbitration clause and its delegation clause are unconscionable because they create lengthy delays before an arbitrator can decide the unconscionability issue. (*Id.* at 1.) Thus, what was said at the pre-arbitration conferences and whether they are actually designed to achieve informal resolution does not appear relevant to the issue of whether Defendant is requiring procedures that cause delay. No production is required.

Defendants shall provide the ordered discovery within **three weeks** of the date of this order. This order disposes of Dkt. Nos. 42 and 43.

IT IS SO ORDERED.

Dated: September 11, 2026

KANDIS A. WESTMORE
United States Magistrate Judge